UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. _____ |
| ) | |
| SERIES C of NP ROAD PARTNERS, LLC, ) | |
| CHANDER BHATEJA, and ) | |
| TN OAK RIDGE RUTGERS, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Auto-Owners Insurance Company ("Auto-Owners"), by and through counsel, and for its Complaint for Declaratory Judgment ("Complaint") would show unto the Court as follows:

1. Auto-Owners is a Michigan corporation with its principal place of business in Lansing, Michigan.

2. Defendant Series C of NP Road Partners, LLC ("Series C"), a limited liability company, is a citizen and resident of Anderson County, Oak Ridge, Tennessee. It may be served with process and a copy of the Complaint through its registered agent Chander P. Bhateja, at 17 Presidential Drive, Oak Ridge, Tennessee 37830-7292.

3. Defendant Chander Bhateja ("Bhateja") is a citizen and resident of Anderson County, Tennessee and may be served with process and a copy of the Complaint at 17 Presidential Drive, Oak Ridge, Tennessee 37830-7292.

4. Defendant TN Oak Ridge Rutgers, LLC ("TN Oak Ridge") is a South Carolina limited liability company with its principal place of business in Greenville, South Carolina. It

may be served with process through its registered agent Philip J. Wilson, at 550 S. Main Street, Suite 300, Greenville, South Carolina 29601.

## JURISDICTION AND VENUE

5. This matter arises out of the sale of real property located in Anderson County, Oak Ridge, Tennessee, and the contracts related to that sale.

6. Defendants Series C and Bhateja are subject to the jurisdiction of this Court as they reside in Anderson County, Oak Ridge, Tennessee, within the Eastern District of Tennessee.

7. Defendant TN Oak Ridge is subject to the jurisdiction of this Court because it conducted business in the Eastern District of Tennessee.

8. Venue is proper in this district and division because Series C, the named insured on the insurance policy, has its principal place of business in Anderson County, Oak Ridge, Tennessee.

9. The underlying civil action between TN Oak Ridge and Bhateja was filed in Anderson County Chancery Court.

10. Under 28 U.S.C. § 123(a)(1), the Northern Division of Tennessee is the proper venue for actions arising out of Anderson County, Tennessee.

11. Venue is proper in this district and division under 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim occurred in Anderson County, Tennessee.

12. This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Auto-Owners seeks a declaratory judgment concerning its rights and obligations under policy of insurance issued to Series C.

13. This action concerns an actual case and controversy over whether Auto-Owners has a duty to defend or indemnify Bhateja pursuant to an insurance policy issued to Series C.

2

14. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

15. Upon information and belief, the members of TN Oak Ridge are citizens and residents of South Carolina.

16. Upon information and belief, the members of TN Oak Ridge are not citizens and residents of Michigan.

17. Upon information and belief, the member of Series C is Bhateja, a Tennessee citizen and resident.

18. Plaintiff is a citizen of Michigan, and Defendants are citizens and residents of Tennessee and South Carolina. Complete diversity of citizenship exists.

19. The Amended Complaint filed in the underlying action alleges that TN Oak Ridge suffered damages in the amount of $150,000.00 as a result of the acts of Bhateja. Further, the Amended Complaint filed in the underlying action alleges that TN Oak Ridge Rutgers, LLC is entitled to recover $500,000.00 in punitive damages against Bhateja. As a result, the amount in controversy in this Declaratory Judgment action exceeds $75,000.00 exclusive of interests and costs.

20. The policy limits per occurrence of $1,000,000.00 for the policy of insurance issued by Auto-Owners to Series C for commercial general liability coverage exceed the minimum amount in controversy requirement of $75,000.00 required for this Court to exercise jurisdiction over this matter.

21. The amount in controversy in this declaratory judgment action exceeds the sum or value of $75,000.00 exclusive of interest and costs.

22. This Court has personal jurisdiction over Auto-Owners, Series C, Bhateja, and TN Oak Ridge.

**SPECIFIC ALLEGATIONS**

23. In this Declaratory Judgment action, Auto-Owners seeks a declaration that it has no duty to defend or indemnify Bhateja.

24. The underlying action is *TN Oak Ridge Rutgers, LLC v. Chander Bhateja* (the "Action"). The action was originally filed in the Chancery Court for Anderson County, Tennessee on September 22, 2017 and was removed to this Court on October 26, 2017. On November 16, 2017, the underlying action was remanded back to Anderson County Chancery Court.

25. The plaintiff in the underlying action filed an Amended Complaint on January 4, 2018.

26. A copy of the Amended Complaint filed in the Action is attached hereto as ***Exhibit 1***.

27. The Action is currently pending in the Chancery Court for Anderson County, Tennessee as Case No. 17-CH-9270.

28. The Amended Complaint filed by TN Oak Ridge in the Action ("Amended Complaint") alleges that it entered into a Sale-Purchase Commitment and Agreement dated May 13, 2016 with Defendant Bhateja "under which the Defendant agreed to purchase from the Plaintiff a parcel of land consisting of approximately 2.6 acres located at Rutgers Avenue at Wilson Street to be used for the construction of a hotel…." *See* ***Exhibit 1*** hereto, Amended Complaint, ¶ 3.

29. The Amended Complaint filed in the Action alleges that TN Oak Ridge and Bhateja entered into an Escrow Closing Agreement and Addendum to Purchase Agreement on August 29, 2016. *See id.,* ¶ 4.

30. The Amended Complaint filed in the Action alleges TN Oak Ridge and Bhateja entered into a Settlement Addendum to Escrow Closing Agreement and Addendum to Purchase Agreement in February 2017, which provided amended and supplemental provisions pertaining to the purchase of the real property. *See id.,* ¶ 5.

31. The Amended Complaint filed in the Action alleges that the Settlement Addendum provided that Bhateja agreed to accept the property in its current as is condition notwithstanding whether TN Oak Ridge fully completed its site work obligations. *See id.,* ¶ 6.

32. The Amended Complaint in the Action alleges that the Settlement Addendum placed the responsibility upon Bhateja for all erosion control measures except for the initial installation by TN Oak Ridge of hay bales along the western boundary of the property next to TN Oak Ridge's remaining property. *See id.,* ¶ 7.

33. The Amended Complaint filed in the Action alleges that the property was conveyed to Bhateja by a limited warranty deed dated March 21, 2017. *See id.,* ¶ 8.

34. The Amended Complaint filed in the Action alleges that although Bhateja took ownership of the property at that time, he failed to implement any erosion control measures or any other measures to manage and control the flow of water from his property. *See id.*

35. The Amended Complaint filed in the Action alleges that this alleged failure resulted in water, mud, sediment, and siltation entering into TN Oak Ridge's building located adjacent to Bhateja's property thereby "causing severe damage to the Plaintiff's building including extensive mold damage." *See id.*

36. The Amended Complaint filed in the Action alleges that Bhateja failed to comply with the regulations and requirements of the Tennessee Department of Environment and Conservation and the ordinances and requirements of the City of Oak Ridge that address capturing and containing storm water, preventing construction site runoff, and preventing storm water pollution. *See id.*, ¶ 9.

37. The Amended Complaint filed in the Action alleges that the City of Oak Ridge sent a letter dated July 25, 2017 to Bhateja that notified him of his violations and noncompliance and of his failure during the four months that he had owned the property to implement the protection measures required. *See id.*

38. The Amended Complaint filed in the Action alleges that this letter sets forth facts that reveal violations, acts, omissions, and failures of Bhateja that have resulted in damages to TN Oak Ridge. *See id.*, ¶¶ 9-11.

39. The Amended Complaint filed in the Action alleges that Bhateja was aware at the time of taking possession of the property that proper erosion control measures and compliance with the regulations, ordinances, and requirements of the Tennessee Department of Environment and Conservation and the City of Oak Ridge were necessary to protect the Plaintiff's property from flooding and sustaining damages and nevertheless failed to implement such measures. *See id.*, ¶ 12.

40. The Amended Complaint filed in the Action alleges that prior to taking possession of the property Bhateja rejected a proposal of TN Oak Ridge to perform certain work for storm drainage that Bhateja knew Bhateja was required to perform. *See id.*

41. The Amended Complaint filed in the Action alleges that after taking possession of the property Bhateja continued to delay the performance of the storm drainage work even though

6

he knew that it was important that the work be performed promptly to protect TN Oak Ridge's property. *See id*.

42. The Amended Complaint filed in the Action alleges that Bhateja's violations, acts, omissions, and failures constitute a material breach of the Settlement Addendum Contract thereby entitling TN Oak Ridge to recover against Bhateja for all damages caused by or resulting from the breach. *See id.,* ¶ 13.

43. The Amended Complaint filed in the Action alleges that Bhateja's violations, acts, omissions, and failures constitute a material breach of the provision incorporated in both the Settlement Addendum and the Limited Warranty Deed requiring the Defendant to maintain the property in compliance with all laws, in good condition, and repair and in the condition required of a first-class mixed-use center. *See id*.

44. The Amended Complaint filed in the Action alleges that Bhateja's violations, acts, omissions, and failures also constitute negligence and negligence per se which were proximate causes of the damages suffered by TN Oak Ridge and thereby entitling TN Oak Ridge to recover for those damages. *See id.,* ¶ 14.

45. The Amended Complaint filed in the Action alleges that Bhateja has maintained a wrongful condition on his property over an unreasonable length of time and has engaged in a unreasonable and unlawful use of his property that has resulted in material and substantial annoyance, inconvenience, harm, and injury to TN Oak Ridge's free use, possession, and occupation of its property. *See id.,* ¶ 15.

46. The Amended Complaint filed in the Action alleges that these acts constitute nuisance which was allegedly a proximate cause of damages to TN Oak Ridge and which entitles

7

4154632.7
Case 3:18-cv-00355-JRG-HBG   Document 1   Filed 08/28/18   Page 7 of 20   PageID #: 7

TN Oak Ridge to recover against Bhateja for the damages caused by or resulting from the alleged nuisance. *See id.*

47. The Amended Complaint filed in the Action alleges that the violations, acts, omissions, and failures of Bhateja constitute a breach of his implied duty of good faith and fair dealing. *See id.,* ¶ 16.

48. The Amended Complaint filed in the Action alleges that the violations, omissions, and failures of Bhateja were malicious, intentional, and/or reckless, thereby entitling the Plaintiff to recover punitive damages against the defendant. *See id.,* ¶ 17.

49. The Amended Complaint filed in the Action alleges that the damages allegedly caused by Bhateja to TN Oak Ridge are in excess of $150,000.00 and that TN Oak Ridge is entitled to recover costs and expenses of this litigation including reasonable attorney's fees. *See id.,* ¶ 18.

50. The Amended Complaint filed in the Action alleges that TN Oak Ridge is entitled to a permanent injunction prevent Bhateja from engaging in any further wrongful, unreasonable, or unlawful use of his property that causes damage to TN Oak Ridge. *See id.,* ¶ 19.

51. The Amended Complaint filed in the Action demands that the Court enter judgment in favor of TN Oak Ridge and against Bhateja for a sum in excess of $150,000.00 for damages sustained by TN Oak Ridge, a sum in excess of $500,000.00 for punitive damages against Bhateja; all costs and expenses of the litigation including reasonable attorney's fees, prejudgment interest, court costs and discretionary costs, a permanent injunction preventing Bhateja from engaging in any further wrongful, unreasonable, or unlawful use of his property that causes damage to TN Oak Ridge, and for general relief. *See id.,* Prayer for Relief found on p. 6 of the Complaint.

## THE INSURANCE POLICY

52. Bhateja applied for a policy of insurance with Auto-Owners on July 27, 2017.

53. A copy of Bhateja's application is attached hereto as ***Exhibit 2***.

54. Bhateja represented in his application that the property which is the subject of this litigation had "no losses." *See **Exhibit 2***, p. 3 of 12.

55. Based on the representations made by Bhateja in his application, Auto-Owners issued a policy of insurance to Series C.

56. The policy issued to Series C is a Commercial General Liability Policy ("Policy").

57. The term of the Policy was from July 27, 2017 to July 27, 2018.

58. The policy number for the policy is 172319-03324183-17.

59. A copy of the Policy is attached hereto as ***Exhibit 3***.

60. Prior to making application, Mr. Bhateja had knowledge of the existence of damage to TN Oak Ridge's property, and that the damage was caused by erosion and runoff of sediment from his property.

61. On June 29, 2017, Mark Watson of the City of Oak Ridge emailed Bhateja and stated in his email as follows: "I am attaching the following picture after the two inch rainstorm two weekends ago and want to suggest that, as property owner, you now need to take the necessary steps to protect the adjacent building from the runoff of the Marriott site."

62. A copy of this email is attached hereto as ***Exhibit 4***.

63. On July 12, 2017, Kathryn Baldwin of the City of Oak Ridge emailed Bhateja. The email stated as follows, in pertinent part, as follows: "I have concern regarding siltation leaving the site and entering adjacent property. Due to our current weather patterns and severe

storm water vents your site is having adverse impact on adjacent properties as well as injuring the City's storm water system . . . ".

64. A copy of this email is attached hereto as *Exhibit 5*.

65. Based upon investigation, Bhateja met with officials from the City of Oak Ridge to discuss the property's drainage work plan and to discuss issues regarding that drainage on July 26, 2017.

66. On July 31, 2017, Bhateja emailed Arnold Blackwell at the City of Oak Ridge and made reference to the drainage work plan for the property and an onsite meeting with the City of Oak Ridge team on July 26, 2017. A copy of this email is attached hereto as *Exhibit 6*.

67. On July 31, 2017, Bhateja emailed Arnold Blackwell of the City of Oak Ridge and in his email references details that were "requested at our July 26 gathering onsite."

68. A copy of this email is attached hereto as *Exhibit 7*.

69. On July 30, 2017, Bhateja emailed Roger Flynn and Brian Mills with the City of Oak Ridge and in his email referenced a prior onsite meeting at 300 Rutgers Avenue and the email references that Bhateja wants "to ensure the drainage problem does not recur."

70. A copy of this email is attached hereto as *Exhibit 8*.

71. Based upon these emails, including emails in which Bhateja was the author, Bhateja had knowledge of the existence of the damage occurring to TN Oak Ridge's property and had this knowledge prior to making application for the Policy with Auto-Owners and prior to Auto-Owners issuing the policy.

72. The Policy contains the following language as part of the insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    1.    **Insuring Agreement**

          a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:

              **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

              **(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

          No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

          b.    This insurance applies to "bodily injury" and "property damage" only if:

              **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

              **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

              **(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or

11

"property damage" occurred, then any continuation or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1**. Of Section **II**- Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2.**   **Exclusions**

This insurance does not apply to:

**a.**   **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.**   **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligation to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**   Assumed in a contract or agreement that is an "insured contract", provided the "bodily

12

4154632.7
Case 3:18-cv-00355-JRG-HBG   Document 1   Filed 08/28/18   Page 12 of 20   PageID #: 12

injury" or "property damage" occurs subsequent to the execution of the contract or agreement. However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an "insured contract".

**(2)** That the insured would have in the absence of the contract or agreement.

**f.     Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:…

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or…

**j.     Damage to Property**

"Property damage" to:

(6) That particular part of real property on which any insured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(7) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

13

Paragraphs **(4)**, **(5)**, **(6)** and **(7)** of this exclusion do not apply to liability assumed under a side-track agreement.

Paragraph **(7)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

    **l.**    **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

    **m.**    **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    **(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use or other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## SECTION II – WHO IS AN INSURED

    **1.**    If you are designated in the Declarations as:

    **c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **2.**    Each of the following is also an insured:

    **a.**    Your "employees" other than wither your "executive officers" (if you are an organization

14

other than a partnership, joint venture, or limited liability company) or your managers (if you are al limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business, or your "volunteer workers" only while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for "bodily injury:, "personal injury", or "advertising injury":…

**SECTION V – DEFINITIONS**

**4.** "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

**14.** "Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**16.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**17.** "Products-completed operations hazard";

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

15

    **(c)**  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

  **b.**  Does not include "bodily injury" or "property damage" arising out of:

    **(1)**  The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)**  The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)**  Products or operations for which the classification, shown in the Declarations, states that products-completed operations are included.

**18.**  "Property damage" means:

  **a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.**  Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or

16

used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**27.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)** The providing of or failure to provide warnings or instructions.

73. Bhateja requested that Auto-Owners provide a defense for them for the claims made in the Action pursuant to the Policy.

74. Auto-Owners agreed to provide a defense for Bhateja in the Action subject to a reservation of rights, which included, but was not limited to, the right of Auto-Owners to file a declaratory judgment action to determine whether the Policy issued to Series C provided coverage for the claims made in the Action by TN Oak Ridge.

75. The Policy does not provide coverage for the claims made in the Action by TN Oak Ridge against Bhateja.

76. The Policy does not provide coverage for the claims made in the Action by TN Oak Ridge because of the "known loss" exclusion. Bhateja knew of the ongoing losses to the property prior to his application for the Policy.

17

77. At the time of application for the Policy, Bhateja misrepresented to Auto-Owners that the property had "no losses."

78. This misrepresentation by Auto-Owners increased the risk of loss to Auto-Owners.

79. The expected/intended exclusion in the Policy excludes coverage for the claims of breach of contract and punitive damages based on the allegations made in the Amended Complaint filed in the Action.

80. The Policy does not provide coverage for the claims of negligence, negligence per se, nuisance, breach of implied duty of good faith and fair dealing, and punitive damages as none of the allegations made in the claims assert a claim for "property damage" as the term is defined in the Policy.

81. The Policy do not provide coverage for any damages sought in the Action that do not constitute "property damage" or "bodily injury" as those terms are defined in the Policy

82. The Policy does not provide coverage to Bhateja for the claims made in the Action.

83. A review of the terms of the Policy as well as the allegations of the Complaint filed in the Action establishes that Auto-Owners does not have any duty to defend Bhateja in the Action.

84. A review of the terms of the Policy as well as the allegations of the Complaint filed in the Action establishes that Auto-Owners does not have any duty to indemnify Bhateja for any judgment entered against him in the Action.

85. Series C is a proper party to this declaratory judgment action because it is the named insured on the Policy.

18

86. Bhateja is a proper party to this declaratory judgment action because he is a potential insured pursuant to the Policy and this action will determine whether he has insurance coverage under the Policy for the claims made in the Action.

87. TN Oak Ridge is a proper party to this declaratory judgment action because it, as plaintiff in the Action, has an interest in whether Bhateja has insurance coverage to pay any judgment that may be entered in the Action in favor of TN Oak Ridge.

88. Neither Auto-Owners nor any of the Defendants have sought, by any other legal action to have their respective rights adjudicated under the facts and circumstances presented herein.

WHEREFORE, Auto-Owners prays:

(a) That service of process be issued and served upon the Defendants listed above;

(b) That this Court enter an Order declaring Auto-Owners does not have any duty or obligation to defend Bhateja in the Action;

(c) That this Court enter an Order declaring that Auto-Owners does not have any duty or obligation to indemnify Bhateja for any judgment entered against it in the Action;

(d) That this Court enter an Order declaring that the Policy does not provide insurance coverage to Bhateja for the claims and damages alleged in the Action; and

(e) For such other relief as the Court deems equitable and necessary under the circumstances, and for the costs of this cause.

Respectfully submitted this the 28th day of August, 2018.

        WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC

        By: *s/*Dean T. Howell
        Howard E. Jarvis, Esq. BPR #006673
        Dean T. Howell, Esq., BPR #022130
        April A. Carr, Esq., BPR #029092

        Post Office Box 900
        Knoxville, Tennessee 37901-0900
        Telephone: (865) 215-1000
        Facsimile: (865) 215-1001

        *Attorneys for Plaintiff Auto-Owners Insurance Company*